# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

603

KA 15-00261

PRESENT: WHALEN, P.J., CARNI, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

MARK KREBBEKS, DEFENDANT-APPELLANT.

---

SESSLER LAW PC, GENESEO (STEVEN D. SESSLER OF COUNSEL), FOR
DEFENDANT-APPELLANT.

GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Livingston County Court (Robert B.
Wiggins, J.), rendered January 6, 2015. The judgment convicted
defendant, after a nonjury trial, of falsifying business records in
the first degree, making a punishable false written statement, and
falsely reporting an incident in the third degree.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him
following a bench trial of falsifying business records in the first
degree (Penal Law § 175.10), making a punishable false written
statement (§ 210.45), and falsely reporting an incident in the third
degree (§ 240.50 [3] [a]). We reject defendant's contention that the
evidence is not legally sufficient to support those convictions.
Viewing the evidence in the light most favorable to the People, as we
must (*see People v Contes*, 60 NY2d 620, 621), we conclude that there
is a valid line of reasoning and permissible inferences that could
lead a rational person to the conclusion reached by County Court with
respect to each count (*see People v Bleakley*, 69 NY2d 490, 495; *see
generally People v Danielson*, 9 NY3d 342, 349).

With respect to the count of falsifying business records in the
first degree, the evidence established that, at a bank, defendant
completed and signed a form wherein he alleged that another individual
had used his debit card without his permission and made a series of
unauthorized withdrawals from an ATM machine. Photographic evidence
taken at the ATM machine from the dates and times reported on the form
established that defendant himself made the alleged unauthorized
withdrawals. Thus, the evidence established that defendant
"inten[ded] to commit" the crime of larceny by seeking reimbursement
for overdraft fees associated with those transactions (Penal Law

§ 175.10).

        With respect to the counts charging him with making a punishable false written statement and falsely reporting an incident in the third degree, we reject defendant's contention that the evidence is legally insufficient with respect to the element of knowledge.  Defendant was directed by bank personnel that he must file a criminal complaint in order to recover overdraft fees he claimed were generated by the unauthorized transactions, and the court was entitled to credit the testimony of the People's witnesses, and not defendant's testimony, in determining that defendant's report of the theft to the police and his written statement were knowingly false (*see generally Danielson*, 9 NY3d at 349; *Bleakley*, 69 NY2d at 495).

Entered:  June 17, 2016                       Frances E. Cafarell
                                              Clerk of the Court